# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CR-00015-R

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.

**JAMES LAMONTE DUNBAR, et. al.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant James LaMonte Dunbar's Motion to Exclude Certain Evidence Disclosed by the United States (DN 572). Government has responded (DN 579). This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Defendant James LaMonte Dunbar was arrested following a lengthy investigation by the Drug Enforcement Administration (DEA) and local law enforcement officers into the sale of crack cocaine in Hopkinsville, Kentucky. He is one of twenty-one defendants named in a five-count indictment. Count One of the Superseding Indictment alleges that Dunbar participated in a conspiracy to possess and distribute fifty grams or more of crack cocaine (violation of 21 U.S.C. §§ 841(b)(1)(A), 846). This matter is set for trial on December 13, 2010. In this motion, Dunbar seeks to exclude a number of audio recordings, transcripts of the audio recordings, written interpretations of the audio recordings, videos and photographs taken by the authorities during the course of their investigation, and Dunbar's past criminal activities and his convictions for trafficking cocaine. This Court will examine each of these items in turn.

1

## ANALYSIS

**I. Exclusion of Audio Recordings, Transcript of the Audio Recordings, and Government's Interpretation of the Audio Recordings**

Dunbar first charges that Government is planning to offer into evidence recordings of a number of intercepted telephone calls, as well as transcripts of the recordings and written interpretations of the recordings. Dunbar claims that the "phone calls are very difficult to hear because of the quality of recordings and very difficult to understand because of the language utilized by the speakers." DN 572 at 1. As a result of the poor audio quality, Dunbar states the recordings, the transcripts, and the interpretations are not relevant evidence under Federal Rule of Evidence 401, and therefore inadmissible. Alternatively, Dunbar states that even if these items were relevant evidence, the difficulty in comprehending the speakers and the derogatory language employed by the speakers on the recordings justifies exclusion pursuant to Federal Rule of Evidence 403. Finally, with regard to the interpretations of the recordings, Dunbar argues that in creating the interpretations, the law enforcement officials are inherently motivated to produce documents that will help to convict criminal defendants, and therefore they are unreliable. None of these items have been supplied to the Court for review.

Admission of tape recordings into evidence is within this Court's sound discretion. *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). For admission, the Court must determine that the tapes are "authentic, accurate, and trustworthy" as well as "audible and sufficiently comprehensible for the jury to consider the contents." *Id*. "Recordings will be deemed inadmissible if the 'unintelligible portions are so substantial as to render the recording as a whole untrustworthy.'" *Id*. (quoting *United States v. Jones*, 540 F.2d 465, 470 (10th Cir.), cert. denied, 429 U.S. 1101 (1977). "As with tape recordings of communications, the use of a

transcript of a recorded communication during trial is within the sound discretion of the trial court." *United States v. Wilkinson*, 53 F.3d 757, 761 (6th Cir.1995). However, admission of transcripts of the audio recordings at trial "assumes that the court has predetermined that [any] unintelligible portions of the tape do not render the whole recording untrustworthy." *Robinson*, 707 F.2d at 879.

As the Court has not had an opportunity to review any of these items, it cannot intelligently rule on this motion. Government is ordered to submit to the Court the recordings, transcripts, and interpretations it plans to use at trial against Dunbar or any other Defendant proceeding to trial no later than 12:00 p.m. on December 9, 2010, so that their quality and accuracy may be determined. Until a proper review of the items has been conducted, Defendant's motion must be DENIED.

**II. Exclusion of Videos and Photographs**

Dunbar moves to exclude videos and photographs taken by authorities during the course of their investigation. Dunbar does not dispute that he appears in a number of the videos and photographs. Instead, he argues that neither the videos nor the photographs depict him participating in any illegal activity, are irrelevant evidence, and should thereby be excluded under Rule 401. In the alternative, Dunbar says that even if the items are relevant, they do not meet the standard of Rule 403.

Again, this Court has not reviewed the videos or photographs to which Dunbar objects. As such, exclusion of these items is premature. Government is ordered to submit these items no later than 12:00 p.m. on December 9, 2010, with an explanation of their intended use so that the

Court can responsibly address Defendant's objections. Until a proper review of the items has been conducted, Defendant's motion must be DENIED.

### III. Exclusion of Dunbar's Past Criminal Activities and his Criminal Convictions for Trafficking Cocaine

Finally, Dunbar seeks to exclude from evidence under Federal Rule of Evidence 404(b) his past criminal activity and two prior convictions for drug trafficking. Dunbar submits that should he testify, Government "may inquire whether he is a convicted Felon." DN 572 at 9. However, Dunbar objects to the proposition that Government may inform the jury of the nature of his past convictions. He further sets forth that evidence of his past involvement with drugs does not fit within the exceptions of Rule 404(b) and therefore should only be introduced if Dunbar testifies that he has never been involved in selling drugs or is ignorant of drug trafficking.

Government has given notice to Dunbar that it intends to use evidence of his other crimes in the trial. DN 405. Specifically, Government alleges that police officers will testify that Dunbar sold approximately sixteen grams and three grams of crack cocaine on September 11, 2008, and September 12, 2008, respectively in Christian County, Kentucky. Government claims that this evidence is admissible under Rule 404(b) to show the element of intent, and alternatively as direct evidence that Dunbar participated in the criminal conspiracy with which he is charged. It is undisputed that these two sales, if they occurred, would fall within the alleged dates of the conspiracy for which Dunbar is indicted. DN 1 at 1.

> a. Testimony about the drug transactions on September 11, 2008, and September 12, 2008

Testimony about the narcotics sales in September of 2008 are admissible under Rule 404(b) to show the element of intent.[1] In *United States v. Johnson*, this circuit held that "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). In response to *Johnson*'s holding, prior bad acts under Rule 404(b) have been repeatedly used to show the specific intent required for a criminal conspiracy. *See e.g., United States v. Love*, 254 F. App'x 511, 515-20 (6th Cir. 2007) (defendant's prior drug convictions admissible to show intent to participate in a conspiracy where defendant had pleaded not guilty to engaging in a conspiracy to distribute cocaine); *United States v. Valdez-Reyes*, 165 F. App'x. 387, 395 (6th Cir. 2006) (evidence of defendant's participation in past "sales transactions could properly be relied upon by the jury in determining defendant's motive, intent, and knowledge"); *United States v. Clemis*, 11 F.3d 597, 600-01 (6th Cir. 1993) (evidence of a prior drug transaction admissible under Rule

---

[1] Under Rule 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). Before allowing a jury to consider evidence under 404(b), this Court must:

> (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403.

*United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010) (citing *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001)).

5

404(b) to show defendant's knowledge and involvement in the drug conspiracy). Furthermore, while this evidence is prejudicial to the defendant, its probative value is not substantially outweighed by the danger of unfair prejudice. By contesting the existence of the conspiracy, Government has the burden to show Dunbar acted with specific intent and may therefore rely upon evidence falling under Rule 404(b). *See Johnson*, 27 F.3d at 1192-93. These transactions are probative of this necessary "intent" element.

Moreover, the transactions of September 2008 may be introduced as direct evidence of Dunbar's participation in the conspiracy. Past precedent is unambiguous that evidence of specific drug transactions that occurred during the conspiratorial period is admissible to prove the existence of the actual conspiracy. *See e.g.*, *United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006); *United States v. Washington*, 166 F. App'x. 823, 829-30 (6th Cir. 2006); *United States v. Martinez*, 430 F.3d 317, 334 (6th Cir. 2005); *United States v. Price*, 258 F.3d 539, 544-45 (6th Cir. 2001). For these reasons, officers may testify as to Dunbar's involvement with the alleged sales of crack cocaine on September 11, 2008, and September 12, 2008.

### b. Dunbar's past convictions for Trafficking Crack Cocaine

Dunbar contends that his past convictions for Trafficking Crack Cocaine are inadmissible under Rule 404(b). Government has not issued a notice of intent to use his past convictions under Rule 404(b). DN 405. Nor did Government address this objection in its response to this motion. DN 579. The Court's scheduling order also stated that all evidence to be offered under Rule 404(b) be noticed to Dunbar three weeks prior to trial. DN 537.

Under Rule 404(b), the government must provide "reasonable notice in advance of trial." Fed. R. Evid. 404(b). A district court "has the discretion to determine reasonableness under the

6

circumstances." *United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir. 1995). The Advisory Committee notes to Rule 404(b) explain that it "'is intended to reduce surprise and promote early resolution on the issue of admissibility.'" *Id.* (quoting Fed. R. Evid. 404(b) advisory committee's note (1991 amendment)).

Considering that the date for the timely disclosure of Rule 404(b) evidence has passed and that the trial is scheduled to commence on December 13, 2010, Dunbar's motion is appropriate. Dunbar would have an insufficient amount of time to challenge such evidence before the start of trial. Accordingly, the Court grants Defendant's motion and precludes Government from admitting his past convictions for Trafficking Crack Cocaine as Rule 404(b) evidence at trial.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion (DN 579) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Government submit to the Court for its review the taped recordings, the transcripts of the recordings, the interpretations of the recordings, and any video and photographic evidence that are implicated by this motion and which the Government intends to use at trial against Dunbar or any other Defendant proceeding to trial by NO LATER THAN 12:00 P.M. ON DECEMBER 9, 2010.