UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CR-00015-R

UNITED STATES OF AMERICA                                               PLAINTIFF

v.

RODNEY EDWARD MOORE, et. al.                                          DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon a number of motions by Defendant Rodney Edward Moore. Specifically, Moore has submitted a Motion to Produce Transcripts (DN 544), a Motion to Compel Production of Information Pursuant to *Giglio* (DN 547), a Motion for Counsel to Conduct Voir Dire (DN 548), a Motion to Sever (DN 546) a Motion for the Government to Provide the Identity and Addresses of all Participating Informants (DN 545), and a Motion for the Production of *Brady* Materials (DN 549). The Government has responded to these motions (DN 576, 575, 568, 567, 573, 574). These matters are now ripe for adjudication. For the reasons that follow, Defendant's Motions are DENIED.

Also before the Court is Defendant James LaMonte Dunbar's Motion for an Order Compelling the Government to Produce *Brady* Materials (DN 570). The Government has responded (DN 578). This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

**BACKGROUND**

Defendants Rodney Edward Moore and James LaMonte Dunbar were arrested following a lengthy investigation by the Drug Enforcement Administration (DEA) and local law

1

enforcement officers into the sale of crack cocaine in Hopkinsville, Kentucky. They are two of twenty-one defendants named in a five-count indictment. Count One of the Superseding Indictment alleges that Moore and Dunbar participated in a conspiracy to possess and distribute fifty grams or more of crack cocaine (violation of 21 U.S.C. §§ 841(b)(1)(A), 846). Count Four alleges that Moore, on June 30, 2009, knowingly possessed a handgun having already been convicted of a felony (violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)). This matter is set for trial on December 13, 2010. Defendants have filed several pretrial motions for the Court's consideration.

**ANALYSIS**

**I. Motion to Produce Transcripts of Wiretapped Conversations (DN 544).**

During the course of the investigation, the authorities successfully intercepted and recorded a number of telephone calls between the defendants. Moore now moves to compel Government to "provide any and all transcripts [of the telephone recordings] which the Government intends to use in connection with this case." DN 544 at 1. Moore states that the transcripts include conversations between his co-defendants and are therefore relevant to the preparation to his defense. Government responds, stating that it does "not intend to offer into evidence any recorded conversations involving defendant" and therefore this motion is moot. DN 576 at 1.

The discovery provisions of the Federal Rules of Criminal Procedure provide that the government must disclose to the defendant "any relevant written or recorded statement made by the defendant." Fed. R. Crim. P. 16(a)(1)(B)(i). The rules also state that the government must, upon the defendant's request, make available "papers, documents, . . . [and] tangible objects"

that are "material to preparing the defense." *Id*. § 16(a)(1)(E)(i).  In interpreting Rule 16, courts have held that while a defendant is entitled to his own statements made to the police, the defendant has no absolute right to the statements of his co-defendants made to authorities. *United States v. Smith*, 252 F. App'x 20, 25 (6th Cir. 2007) rev'd on other grounds by *Townsend v. United States*, 553 U.S. 1050 (2008) (stating the defendant not entitled to the statements of his co-defendants); *United States v. Rivera*, 6 F.3d 431, 439 (7th Cir. 1993) (stating that disclosure of co-defendants' statements is not mandatory); *United States v. Salerno*, 796 F. Supp. 1099, 1106 (N.D. Ill. 1991) (stating that defendant was not entitled to discover oral statements made by co-defendants).

While not entirely analogous to the current question, this Court finds the above-cited precedent as well as the unambiguous language of Rule 16 persuasive that Moore has no right to review the transcripts of the recorded telephone conversations of his co-defendants.  To the extent the transcripts contain exculpatory and impeachment evidence material to Moore's defense, then the requirements of *Brady v. Maryland* would require a different decision. However, as expounded upon later, Government is already under an obligation to turn over these items and has made clear it will conform to *Brady*'s mandate.  *See infra* Sections II & VI.  The Court has no reason to doubt these assurances.

Since Government does not intend to use transcripts that include statements by Moore, the motion is moot.  Accordingly, Defendant's motion is DENIED.

### **II. Motion to Compel the Production of Information Pursuant to *Giglio v. United States* (DN 547).**

Moore moves this Court to disclose the criminal history and other impeaching information of the witnesses testifying at trial, any promises of leniency made to testifying

witnesses, the disciplinary record of any law enforcement official testifying or who monitored the investigation's controlled purchased, and various information that could be used to impeach the confidential informants associated with the investigation. Government states that it will disclose all the information requested to the extent it fits within the parameters of *Giglio v. United States* and *Brady v. Maryland*. However, Government argues that since "all informants in this case will be called as witnesses," pretrial disclosure of information concerning the informants, such as information that could be used to identify them, is protected by the Jencks Act. DN 575 at 1.

The *Brady* doctrine requires the prosecution to disclose all material exculpatory and impeachment evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87(1963); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). If the prosecution denies any such exculpatory material exists

under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

The Jencks Act requires that, following the testimony of a government witness, the defendant can request, and the court order, the government to provide certain documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. § 3500(a), (b). However, this circuit has repeatedly held that defense counsel is not entitled to the identities of the witnesses testifying for the government prior to trial. *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir.1984); *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979); *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970). Moreover, controlling precedent states that:

> . . . the government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness. Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the *Brady* test of being material and exculpatory.

*United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988).

To the extent that Moore requests impeaching and exculpatory materials that would not identify Government witnesses before trial, Government is already under an obligation to provide these items under *Brady* and *Giglio*, and has represented that it will comply with this obligation. This Court trusts that Government will make available these materials to defense counsels in a timely and professional fashion. Where Moore requests materials that would be protected by the Jencks Act, that information need not be provided prior to trial; however, this Court encourages earlier production.

Accordingly, Defendant's Motion is DENIED.

**III. Motion for Counsel to Conduct Voir Dire (DN 548).**

5

Moore petitions the Court to permit his counsel to conduct voir dire as Moore "is an African American and it will be very difficult to seat a fair and impartial jury of his peers." DN 548. This Court is unaware of (nor does Moore provide) any legal precedent that states an attorney should be permitted to conduct voir dire in lieu of a judge where the defendant is a minority. Additionally, "broad discretion [is] accorded to the trial judge in conducting voir dire." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001) (quoting *Mu'Min v. Virginia*, 500 U.S. 415, 423 (1991)). As such, the Court sees no reason to depart from its customary voir dire practice, and therefore Defendant's Motion is DENIED.

**IV. Motion to Sever Defendant's Trial (DN 546).**

Moore moves this Court to sever his trial from any and all co-defendants as he "will not get a fair trial unless he is severed from the remaining defendants." DN 546 at 1. Moore fails to include further facts or legal precedent in support of this assertion.

Rule 14 allows the severance of trials for defendants when consolidation of those trials would result in prejudice to a particular defendant. Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This preference arises not only out of the interest for judicial efficiency, but also from the presumption that juries can differentiate between and scrutinize the evidence offered against each defendant at trial without the risk of confusion. *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006); *United States v. Welch*, 97 F.3d 142, 147 (6th Cir.1996). As such, "a defendant seeking severance at trial bears a strong burden and must demonstrate substantial,

undue, or compelling prejudice." *Caver*, 470 F.3d at 238 (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

The Court cannot glean from this motion any legitimate threats of serious prejudice that would befall Moore were he to be tried in conjunction with the other defendants. Furthermore, precedent is clear that defendants indicted together should be tried together if at all possible. Accordingly, Defendant's Motion is DENIED.

### V. Motion for the Government to Provide the Identity and Addresses of all Participating Informants (DN 545).

Moore moves the Court to "order [Government] to furnish forthwith the identity and addresses of all participating informants and/or cooperating witnesses utilized by the Government in connection with this case." DN 545 at 1. Moore argues that as the confidential informant in this case actively participated in the crimes alleged, disclosure of the informant's identity along with his/her criminal history and any promises of leniency made by authorities prior to trial is appropriate.

As explained previously, prior to trial the government is not under any obligation to reveal the identities of its witnesses. *McCullah*, 745 F.2d at 353. The privilege of non-disclosure is not absolute; a defendant may be entitled to a confidential informant's identity prior to trial where the informant was part of the police investigation and does not testify in the subsequent trial. *See Roviaro v. United States*, 353 U.S. 53, 62 (1957); *United States v. Eddings*, 478 F.2d 67 (6th Cir. 1973). However, courts have consistently found that where a confidential informant testifies, pretrial disclosure of his/her identity is unnecessary. *See e.g., United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993); *United States v. Foster*, 815 F.2d 1200, 1203

7

(8th Cir. 1987); *United States v. Pennick*, 500 F.2d 184, 186-87 (10th Cir. 1974); *United States v. Brice*, No. 1:08-cr-50, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009).

Government has been candid in saying that all "participating informants will be called as witnesses at trial." DN 573 at 1. This will give Moore the opportunity to confront and vigorously cross examine these individuals. Government has also assured Moore and the Court that the relevant and pertinent materials he seeks to impeach the credibility of the informants will be provided in accordance with the Jenck Act. *See* 18 U.S.C. § 3500 et seq. The Court has no reason to doubt these statements.

Accordingly, Defendant's motion is DENIED.

**VI. Motion for the Production of Material Pursuant to *Brady v. Maryland* in Regards to Government Witnesses and Informants (DN 549).**

Moore moves the Court for "production of specific exculpatory materials pursuant to the mandate of *Brady*." DN 549 at 1. In the Motion, he requests impeachment materials relating to the informants and witnesses, as well as the DEA internal informant file[1]. As discussed in the prior sections, the government is aware of its duties under *Brady* and will comply with its obligations. "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. To the extent Defendant's motion seeks disclosure of evidence beyond that required by *Brady*, Defendant's motion must be DENIED. Government however shall comply with its *Brady* requirements "in time for its 'effective' use at trial." *Id.* at 1283.

---

[1] Moore claims that the DEA "maintains an informant file on each confidential informant employed by the agency." DN 549 at 3. This Court is unaware of any such file and the Government's response is silent on the point as well.

### VII. Motion for Order Compelling Government to Produce *Brady* Materials (DN 570).

Finally, Dunbar also moves the Court to compel Government to disclose the identities of its confidential informants and witnesses who will testify at trial, as well as any impeaching evidence the Government possesses relating to these individuals. Dunbar fails in this motion to petition for any new information; he further relies upon the same arguments previously offered by Moore. Consequently, this Court sees no reason to deviate from its aforementioned analysis.

Accordingly, Defendant's Motion is DENIED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motions are DENIED. IT IS ALSO ORDERED that Government abide by the requirements of *Brady*, the Jenck Act, and the Federal Rules of Criminal Procedure, such that defense counsels may have timely access to the necessary materials to prepare for trial.